FILED

JAN 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SAMMY TAN TANG; CHRISSIE
CORRO TANG, a.k.a. Chrissie Enriquez
Corro,

          Petitioners,

  v.

ERIC H. HOLDER, Jr., Attorney General,

          Respondent.

No. 12-71339

Agency Nos.     A096-071-801
                      A096-071-802

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2014[**]

Before:    CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Sammy Tan Tang and Chrissie Corro Tang, natives and citizens of the

Philippines, petition for review of the Board of Immigration Appeals' order

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Tang claims he fears persecution if he returns to the Philippines. Even assuming Tang's asylum application was timely-filed, substantial evidence supports the agency's finding that he failed to establish a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (petitioner's claim of future fear was based on speculation). Even if Chinese Filipinos are a disfavored group, Tang has not demonstrated sufficient individualized risk of persecution. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009). Accordingly, Tang's asylum claim fails.

Because Tang failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence also supports the agency's denial of CAT relief because Tang failed to establish that it is more likely than not he will be tortured by

or with the acquiescence of the government of the Philippines. *See Silaya v.*

*Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**